Case number four today is United States v. Wood.  Good morning, Your Honors. May it please the Court. Colleen Remy on behalf of Aston Wood, the defendant appellant in this case. A defendant is entitled to a meaningful opportunity to rebut the information a judge relies upon in sentencing. At a minimum, a meaningful opportunity should include notice and an opportunity to be heard. Mr. Wood was denied both of these with respect to the comparator case relied upon by the judge in selecting the sentence in this case. This procedural error requires reversal and remand for resentencing. Here, the Court first decided that the guidelines did not provide a useful metric on which to base Mr. Wood's sentence. Because significantly, the Court found that his actions were substantially outside the norm for fraud cases in federal court. Now, the accuracy of that was dealt with in the second part of our brief, but no one had argued this. This was not something that had been placed before the Court in the pleadings. The government had asked for a within-guidelines sentence. Mr. May, can I get the benefit of your reaction to a hypothetical? Of course. We're familiar with it. You know the issues, too. Let's suppose that a district court judge has a morning sentencing in a drug case and an afternoon sentencing. In the morning drug case, the judge says, I'm inclined toward an upward variance here, a pretty substantial one. The reason is because you involved children in the commission of the narcotics offense. The defendant and his counsel look at each other, throw their hands up, and say, what in the world is the judge talking about? There's no kids in any part of this fact pattern. It turns out that the district judge is mistaken. He's thinking about the afternoon case. I know your answer will be the defendant should object, not interrupt the district judge. But at the end of the announcement of the sentence, should object. My question is, is the objection legally required on that fact pattern? I don't believe it's legally required, Your Honor. Especially if it's said in close succession to pronouncing. Even though everybody's sitting there and the air is just blatant. Sure. Obviously, everyone would prefer that it be addressed immediately and handled. In that case, I believe that still Rule 51 says that there is no requirement to make an exception to a misinterpretation. I actually had a case before where an error was made. It wasn't quite as blatant, and the attorney didn't recognize it. In many cases, the attorney- Does that rule make any sense to you? Well, Your Honor- It's just punting everything to appeal. Sure. This case is distinguishable, I believe, from your hypothetical because the government has said that the attorney was involved. He represented the co-defendant of this person. The reason I'm asking the hypothetical is I'm trying to figure out this 51A versus 51B dividing line. I'm trying to set out an example of something that as you hear it, as a defense lawyer, you say, I have no idea what the district judge is even talking about. It has nothing to do with this case. I'm not going to interrupt him, but I am going to object because it's pretty clear that he's based the upward variance on children being involved in the drug crime. Sure. Competent counsel certainly- I know you're going to say should. It's a must part that I don't understand for the life of me. Why not that be a requirement? I think because you have to draw a line somewhere. The case law in Rule 51 draws a line where there is an opportunity to object, and the objection is- Why is there no opportunity on my fact pattern? You just say, Your Honor, you referenced something. It's clearly on your mind, but it's not accurate. Right. I think it's because once the judge has made his or her ruling about the sentence, there is not an obligation as much as it would simplify the administration of justice, there is not an obligation to go back and quibble with the reasons the judge has stated. Does it matter that the court hadn't imposed the sentence yet at the time that the court made the comparison? He imposed it within two breaths. It was afterwards. Right. You don't think that matters? He made the comparison and then immediately announced and imposed the sentence. What about the court's invitation after he imposed the sentence? Sure. The court said, Look, is there anything else I need to address today? There was no even invitation for objections. There was just, Is there anything else I need to address today? And this court has said that that is not enough to require a defendant to make an objection at that point. I thought it was your position that it wouldn't be an objection. It would be an exception. Sure, exactly. An exception is something that you take after the district judge has ruled. Yes. Objection is some point you make before the ruling. Correct. You're just arguing that as a matter of law, once the district judge has ruled, there is never, ever an illegal obligation to complain. Well, I certainly don't believe that there is one in this case. Even though it might be sensible to complain. Precisely, Your Honor. This court has said as much in Douglas and United States v. Douglas. Let me ask you a hypothetical of my own. Sure. Suppose the district judge says at sentencing, You know, I've been on the bench now for, oh, well, take Judge Peterson. I've been on the bench now for 12 years, and this is the worst fraud I have ever seen. And he bangs the gavel and imposes a 120-month sentence. Are you entitled to a list of every fraud case he's ever seen? And that includes not only the ones he's sentenced, but he says the worst I've ever seen. Sure. All the ones he's read in the Federal Reporter. All the ones he's read about in law reviews. Is that the defendant's entitlement? No, Your Honor. I don't believe that the defendant has any. Well, then why does it make a difference if the judge names a particular name rather than referring to 300 fraud cases all as a block? Well, I think in this case you're looking at a situation where the judge first makes the conclusion that this is outside of the norm of federal fraud cases, which, as we've detailed in the briefing, there are several. I'm asking a concrete question, counsel. Why does it make a difference that he names a name rather than referring to all the fraud cases he's seen on block? Because he implicitly pegged the sentence that Mr. Wood received to the specifics of another case. Well, he said it was as bad or maybe worse. But that's exactly what the judge is saying when he says this is the worst fraud case I've ever seen. Right? He's seen, let us suppose, 300 of them. And he's saying if I look at all the circumstances of each of the 300 cases, this is worse. This is the nay plus ultra of fraud. Right? And that can be true or it can be false. It could be that he's confused about what cases he's seen. Certainly. That's why I ask whether it isn't a logical implication of your view. Essentially, that before sentencing anyone, a judge must reveal all the people he's sentenced for similar crimes and all the cases he's read about involving similar crimes. Because he's supposed to compare to those things. That's what the statute says. And he's going to do it either implicitly or explicitly. Right. And if he does it implicitly, it's hard for me to see how that makes it better to avoid naming names. Well, I understand the question, Your Honor, and I do agree that there does seem to be an inherent contradiction there. However, you know, we expect judges to use their common sense and to compare to real-world experience. And it would be completely impractical and implausible. You do more than expect it. It's required by the statute. Right. Well, of course. But it would be completely implausible to require judges to list the specifics of every case they've ever seen. But in this case, first of all, the judge, I mean, this error may not have been harmless. I don't know that there's any error. Right? You start by just throwing the due process clause around, and you may have heard the argument in the second case. We never start with the due process clause. We start with statutes and rules. The rule here is Criminal Rule 32. Are you contending that there was any violation of a norm set out in Criminal Rule 32? Your Honor, the defendant has a right, or there's an expectation under Rule 32 that the defendant has a right. What in Rule 32 did the district court violate? Mr. Wood did not have an opportunity to complete the information before the judge. You've already told me that the judge doesn't have to reveal the 300 fraud cases he's seen. In any event, I'm asking concretely. Rule 32 is a concrete piece of text. What is it that the district judge violated? Your Honor, I don't have Rule 32 in front of me. No, it's because you start and end with the Constitution, which is a flabby way of dealing with things. There are real rules for sentencing. They're in statutes. They're in Rule 32. That's where one starts. Ms. Rumey, you're not arguing that the judge here was making a 3553A6 unwarranted disparity argument, are you, when he made the reference to the other defendant as opposed to just a general comment on the severity of the crime? I believe he was looking at the guidelines and saying the guidelines do not accurately capture the conduct here. I believe that when he was looking at this other defendant, it was under 3553A6, I believe, about the disparities. Because Ms. Ariri got 10 years, and he said, I see one similarity in terms of the vulnerability of the victims, and then the difference I see in terms of these cases is that you are more culpable, Mr. Wood, because Ms. Ariri was pulled in by someone else, and therefore, you deserve a longer sentence. That explains the 12 years over the 10 years. So help me on this. I've got to tell you, I viewed the Ariri reference as totally immaterial. It doesn't matter. The point that Judge Peterson was making as I read the transcript was the reason I think the fraud was bad here, worse than other cases, including the Ariri case, is not just because there's vulnerable victims, but because you, Mr. Wood, alone are responsible for this. This was your fraud scheme. It wasn't the fruit of a fraud syndicate or anything like that. So who cares that he referenced the Ariri case? Because the raw fact is that Mr. Wood was responsible himself for the entirety of the fraud. That's the point the district court was making. And so who cares that it's a reference to some other case? I interpret it. I mean, I interpreted that reference differently based on the ‑‑ I mean, I wasn't there in the courtroom, but, of course, we're all working from the transcripts. And the court first says, you know, the guidelines don't apply. The only case I can even think of that is close to this is the Ariri case. Here are the differences and the similarities. You're more culpable. And then he imposes a sentence that's two years longer. It seems that he ‑‑ and immediately, it follows immediately from that reference, and so that seems to be the reference point for the appropriate sentence in this case rather than the guidelines. So what was he supposed to do, say, a day or two before sentencing? I'm going to enter a minute order on the docket, and I'm going to hereby instruct you that I may reference the Ariri case at the upcoming sentencing. So you may want to research it and get familiar with it. Has that ever happened? I mean, you've done a lot of this. You know, you don't see that very often, but you also don't see this type of departure. You don't see that very often because Rule 32H used to require it, and the Supreme Court has held that Rule 32H is no longer operative in the wake of Booker. This is a subject that was actually targeted by Rule 32H. The departure warning and the reasons for the potential departure. Sure. And the Supreme Court said, stop. You don't have to notify the defendant anymore about possible reasons for departure. But there is still an entitlement to be sentenced on accurate and complete information, and that was what was denied. Where does that come from? From the due process. Right. When the Supreme Court says that Rule 32H no longer works, it said that district judges don't have to give these warnings. They went away in 2005. And you're essentially asking us to say that the due process clause requires Rule 32H to be resuscitated. Something like that. I don't know that I'd go that far, Your Honor. No, because for us to go that far, we would have to say that the Supreme Court was wrong when it said that these notices are no longer required. We tend not to say that the Supreme Court is wrong. Completely understood. The only thing I'm looking for is I believe that Mr. Wood had a right to be sentenced on the basis of complete and accurate information. It is not clear that he was. Let me ask this question a different way. Are you saying there was anything inaccurate about what the district judge said about this other case? It was incomplete, Your Honor. Incomplete because the district judge did not read the entire record of the other case into the record of this case? No, because he relied on it to peg it without fully comparing the defendants. I thought your argument was that you were surprised by it, not that it was incomplete. Lack of notice rather than incompleteness. Because the judge was the judge in that case. He certainly knew all the facts of it. So I thought your argument was you didn't have the opportunity to respond to the argument because it came up unexpected. Right. Mr. Wood didn't have the opportunity to complete the information before the court and to compare. If the judge was going to use a specific situation to compare Mr. Wood's case to and peg his sentence to, Mr. Wood should have been entitled to argue about the relevant points of comparison. And that's all we're looking for. We also, I guess I will stand on my brief in terms of the substantive unreasonableness of the sentence. Thank you, counsel. Thank you. Mr. Shaman. Thank you, your honors. May it please the court. My name is Meredith Shaman and I do represent the appellee, the United States, in this criminal case. It's the government's position here, not surprisingly, that the court got it right and we are asking this court to affirm. The district court did not commit procedural error and the characterization that the court pegged Mr. Wood's sentence to Ms. Aruri's sentence I think is inaccurate. I think it's important, and your honor actually referenced this, I think it's really important to note the context of this reference really in the overall sentencing. It's, I think, like a 54-page sentencing transcript. It was a super lengthy proceeding. The mention of Aruri comes at the very end. The court already had an opportunity to hear from the victims and to hear Mr. Wood's elocution and before there's any reference to Aruri at all, the court said that Wood's specific case involved numerous aggravating factors. His lack of remorse, the lack of any mitigating explanation, the relentless nature of his crimes, his prior criminal history, which actually included prior fraud convictions, that he had already demonstrated he was undeterrable and a significant risk to re-offend, that he preyed on particularly vulnerable victims, and that he knew what the impact of what he was doing would have on them. Was he under a legal obligation to object? Pardon me? Was he under a legal obligation, not a good idea, to object? When the reference to Aruri came up, if his counsel thinks it's problematic, is he legally compelled to object? In order to preserve it? I know you're going to say he should have. In order to preserve it? Yes. I think in this circumstance, yes. Okay, why? The reference was pre-sentencing. Admittedly, it was right before, and admittedly, he would have had to interrupt. I'm not saying that it would have been super easy to do. Nobody wants to interrupt a judge. So is the logical extension, then, of your position, then, a lot of district court judges will go through their reasoning and then announce their sentence, that defense counsel has to consider all of those reasons. If there's any objectionable, they have to object on the spot, or they're not preserved. No, I don't think so. I mean, I can't make that broad a statement. This was kind of an unusual situation. Don't talk about unusual situation. We're trying to figure out the rule. Okay. The question that Judge Scudder is asking, which I will ask more directly, is what do you understand to be the meaning of the word exception in Rule 52? The thing you don't have to take. The specific term exception? That's the term. I think that the defendant in this case should have objection. We're not asking about the defendant in this case. Okay. We are asking about your understanding of the meaning of the word exception. That a defendant should, if the defendant has an opportunity. Not should, not should. What is the meaning of the word exception? That the defendant should raise. The meaning of exception specifically. Exception is a noun. You are correct. You can't put a should in it. It has a definition. What is your understanding of that definition? An exception is something the defendant takes issue with after the judgment has been issued. After the judgment or after the ruling? Fair enough. I'm sorry. After the ruling. After the court's ruling but prior to the written judgment. That's certainly what we've said that word means. Correct. And now we have that meaning. Yes. The defendant has no legal obligation to complain after the ruling. That's correct. But only before. That's not our position. How does that apply to this case? Our position is that the defendant should have objected prior to the ruling. Yeah, the should. But in fairness, I mean, I don't really think this case hinges on whether you're reviewing for a plain error or de novo. No, it probably does not. I don't think there was an error at all. Look, but there's a lot of criminal defendants. There's a lot of criminal defense. Ms. Ramey, this is what she does. Right. They need to know when you hear something at sentencing. The example I gave you, the reason I gave her the hypothetical. The reason I'm giving the upward variance here in the narcotics offense is because you included your children in the commission of the offense. And the defendant looks at his lawyer and says, I don't even have any kids. Well. Now, is there a legal obligation to object? Not should you object? Is it legally required? In that case, I would say yes. Okay. Why now? Okay. Now then translate the yes into the rule. Why? Reason it in terms of Rule 51. And how does that square with our opinions under Rule 51? Well, I mean, first of all, all these cases are so situation specific. No, they aren't. That it's hard for me. The word exception has a meaning. It applies to all cases. Yes. First, we figure out what the rule of law is. And then we apply it to the case. We don't determine a separate rule of law for every case. I understand that, Judge. But our position is not that the defendant failed to raise an exception. Our position is that the defendant failed to raise an objection prior to the ruling. The court has said repeatedly that. So, you think he had a legal obligation to do so, then? I do. To interrupt the judge? Pardon me? A legal obligation to interrupt the judge? Yes. And to say, I think, Your Honor, I can see where you're going, and I object. Yes. Have we ever held that any lawyer has a legal obligation to interrupt a judge? No. No, we haven't. You've never used that phrase. Has the Supreme Court ever held that? I don't. We're more than 250 years into the history of the United States. The argument that the Seventh Circuit is going to create a legal obligation to interrupt a judge who's trying to explain something and risk being held in contempt for doing it is zero. I understand, Judge. I understand. And didn't we hold the exact opposite in Pennington, Farrington, and several other cases that even if the statement or misstatement or objectionable comment is made right before sentencing, that under Rule 51A you don't have to object or make an exception? Well, yes. But to the extent, I mean, I think we cited a case, Pankow, that talked about that traditionally procedural errors were thought to be really always reviewed for de novo. But in that particular case, this court said, well, no, actually, if you don't raise a timely objection, they can be reviewed for plain error. So we raised that case and raised that argument. But to preserve it for appeal, how is that consistent with many of our other opinions? Well, I mean, to the extent that those opinions of the court are different, I guess I can't speak to that. All I'm saying is that we did cite a Seventh Circuit case that expressly allows for plain error review for procedural errors. We cited that case. We did not want to forfeit or waive our right to argue that issue later. But again, to me, this issue of whether this is plain error or de novo is secondary to, I mean, we just don't think there's any error at all, which is the focus of our brief. Is that because you don't think the comment was material to the court's sentencing? This is a little difficult for me because I was the lawyer below, and I was a lawyer in Arirri too. And sitting there, I mean, I think what practically happened is that the judge looked down and saw two lawyers who he knew had something to do with the Arirri case. It came into his head. That's why he specifically mentioned the person's name. The lawyer for Mr. Wood knew there was really little he could do to even make the argument because the judge was absolutely correct on the things that he said in distinguishing it. Now, could he have maybe made some additional arguments? I suppose. But practically speaking, there's nothing the judge said that was inaccurate. So I don't think that the defense counsel found that particularly objectionable at the time. And so I don't think he said anything. What about Ms. Ramee's argument that she was caught or the lawyer below was caught by surprise and didn't have the opportunity to investigate this and respond? Well, the lawyer below knew enough about Arirri's case because he represented the co-defendant. So in terms of knowing the case he did, whether or not he had the opportunity to raise any clarifications is something that we were talking about with regard to whether or not he had a legal obligation to stop the judge and interrupt the judge prior to him pronouncing the sentence. But as the court has already said, I don't know what more the court could have really done here. The fact that judges say all the time, you're the worst fraud defendant I've ever seen, compared to other child pornography defendants, you're not so bad, basically. The fact that he mentioned Arirri's name, I don't know how that makes the comparative argument unexpected. The defense should always anticipate. Okay. Thank you, counsel. Okay. Thank you. The case is taken under advisement.